16-1417-cr
*United States v. Faltine*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of April, two thousand seventeen.

PRESENT:
> PETER W. HALL,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                    16-1417-cr

RASHAD GLYNN, JUSTIN JAIKARAN, COREY LEE,

> *Defendants,*

CLYDE FALTINE, AKA BLACKY,

> *Defendant-Appellant.*

---

For Appellant: JILLIAN S. HARRINGTON (Martin J. Siegel, New York, NY, *on the brief*) Monroe Township, NJ.

For Appellee: JULIA NESTOR (PETER A. NORLING, *on the brief*) Assistant United States Attorneys, *for*

Robert L. Capers, United States Attorney for the Eastern District of New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Clyde Faltine appeals his conviction of conspiracy to distribute and possess with the intent to distribute cocaine and marijuana in violation of 21 U.S.C. § 846. (He raises no challenge to his conviction, and concurrent ten-year sentence, for possessing those substances with intent to distribute, in violation of 21 U.S.C. § 841.) His principal contention is that there is insufficient evidence to establish beyond a reasonable doubt that he participated in the conspiracy charged. He also claims that the district court erred in declining to give a multiple conspiracies charge. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

## I.

We review *de novo* a challenge to the sufficiency of the evidence, but will "uphold the judgment[] of conviction if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Brock*, 789 F.3d 60, 63 (2d Cir. 2015) (internal quotation marks omitted). "In evaluating a sufficiency challenge, we must view the evidence in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor, and deferring to the jury's assessment of witness credibility and its assessment of the weight of the evidence." *United States v. Coplan*, 703 F.3d 46, 62 (2d Cir. 2012) (internal quotation marks omitted).

To establish a conspiracy the Government must show an "agreement among two or more persons to join in a concerted effort to accomplish an illegal purpose." *United States v. Parker*, 554

F.3d 230, 234 (2d Cir. 2009) . "As a literal matter, when a buyer purchases illegal drugs from a seller, two persons have agreed to a concerted effort to achieve the unlawful transfer of the drugs from the seller to the buyer." *Id.* Our precedent is clear, however, "that the mere purchase and sale of drugs does not, without more, amount to a conspiracy to distribute narcotics." *Brock*, 789 F.3d at 63.

The so-called "buyer-seller" rule, however, "does not protect either the seller or buyer from a charge they conspired together to transfer drugs if the evidence supports a finding that they shared a conspiratorial purpose to advance other transfers, whether by the seller or by the buyer." *Parker*, 554 F.3d at 235. Accordingly, where the "evidence supports a finding that the purchaser not only purchased drugs, but in doing so also in some sense promoted the seller's drug distribution venture and intended to further it, . . . the seller and buyer may be found to be in a conspiratorial agreement to further the seller's other sales." *Id.* (internal citations, quotation marks, and alterations omitted). Additionally, "if the evidence supports a finding that the seller shared with the buyer an interest in furthering resale by the buyer, the seller and buyer may be found to be in a conspiratorial agreement to further the buyer's resales." *Id.* We have "identified certain factors relevant to the analysis, including whether there was a prolonged cooperation between the parties, a level of mutual trust, standardized dealings, sales on credit, and the quantity of drugs involved." *Brock*, 789 F.3d at 64 (internal quotation marks and alterations omitted).

Considering the relevant factors, we conclude that there was sufficient evidence of a shared conspiratorial purpose between Voisin and Faltine. The evidence adduced at trial demonstrates an extensive, three-year relationship between Faltine and Voisin in which each depended on the other to distribute drugs. During their relationship, Voisin and Faltine would conduct their business at three different locations, including Faltine's restaurant, the yard he rented, and his apartment in Brooklyn. Moreover, Voisin made an estimated 50 deliveries to Faltine at those three locations, and Faltine would visit Voisin's newsstand to conduct drug transactions. Over the course of their

3

relationship, Voisin sold Faltine approximately 40 to 50 kilograms of cocaine and 40 to 50 pounds of marijuana, which Faltine then redistributed.

Perhaps most importantly, Voisin made sales of large quantities of drugs on credit to Faltine. By 2011, Faltine was paying Voisin exclusively on consignment—that is, Faltine would not pay Voisin until he resold the drugs. Towards the end of their relationship, the drug transactions between Faltine and Voisin consistently involved between two and five kilograms of cocaine. In sum, Faltine and Voisin had developed an extensive partnership in which Faltine would purchase large amounts of drugs from Voisin on credit for redistribution. Viewing the evidence in the light most favorable to the Government, as we must, it is clear that significant indicia of a conspiratorial purpose existed from which a rational trier of fact could conclude Faltine was guilty beyond a reasonable doubt of participating in the charged conspiracy. *See, e.g., United States v. Rojas*, 617 F.3d 669, 672, 675–76 (2d Cir. 2010) (affirming conspiracy conviction when evidence showed that seller had a "longstanding" relationship with the buyer, provided the buyer with bail money because the buyer "was moving product" for him, and sold drugs to the buyer on credit because he knew that the buyer would resell a portion of the drugs); *United States v. Hawkins*, 547 F.3d 66, 75 (2d Cir. 2008) (upholding conviction where buyer repeatedly purchased drugs on credit with the understanding that he would resell the drugs and use the profits to repay the seller).

**II.**

A defendant is not entitled to a multiple conspiracy charge where "only one conspiracy has been alleged and proved." *United States v. Maldonado-Rivera*, 922 F.2d 934, 962 (2d Cir. 1990). To obtain a reversal for failure to give a requested multiple conspiracies charge, "a defendant must show both that there was evidence of separate networks operating independently of each other and that he suffered substantial prejudice resulting from the failure to give the requested charge." *United States v. Cusimano*, 123 F.3d 83, 89 (2d Cir. 1997) (internal quotation marks omitted). "A showing of

4

'substantial prejudice' requires the defendant to prove that the evidence in support of the conspiracy or conspiracies in which he did not participate prejudiced the case against him with respect to the conspiracy to which he was a party." *Id.* "It is generally more difficult to make such a showing where, as here, the trial was a short trial involving a single defendant." *Id.*

Here, at trial, the Government alleged and proved only one conspiracy: the agreement between Voisin and Faltine, to distribute cocaine and marijuana in Brooklyn. While there was evidence presented that the drugs were imported from Arizona and Trinidad and that Faltine had knowledge of these sources, the Government never alleged that Faltine participated in such a conspiracy. Furthermore, evidence of the Arizona and Trinidad supply chains merely provided context as to the source of the drugs that Voisin was selling to Faltine for resale. In any case, to the extent that there was any evidence establishing multiple networks, Faltine has not shown that he suffered substantial prejudice. Faltine was tried alone, and the limited evidence of the Arizona and Trinidad sources was not "markedly different" than the crimes of which Faltine was charged and convicted. *Cf. United States v. Alessi*, 638 F.2d 466, 475 (2d Cir. 1980) ("[T]his was not a case in which shocking or inflammatory evidence came in against co-defendants, but rather one in which the crimes of the various appellants were not markedly different." (internal quotation marks and citations omitted)). The district court therefore properly declined to charge the jury on multiple conspiracies.

We have considered all of Faltine's remaining arguments on appeal and determine that they are without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5